IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANDRA DEMOND HOUSE #1125026 | § | |
| v. | § | CIVIL ACTION NO. 9:11cv164 |
| TIMOTHY SIMMONS, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Andra House, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit has been assigned to the docket of the undersigned United States Magistrate Judge for entry of final judgment pursuant to 28 U.S.C. §636(c).

House names as defendants Warden Timothy Simmons, Lt. Shawn Grace, and the Polunsky Unit medical department. The medical department is a sub-unit of TDCJ and has no separate legal existence, apart from TDCJ, and cannot be sued in its own name. *See generally* Darby v. Pasadena Police Department, 939 F.2d 311, 313 (5th Cir. 1991).

Even if the medical department could be sued in its own name, it is part of the Texas Department of Criminal Justice and thus would enjoy sovereign immunity. *See* Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02 (1984); *accord*, Hafer v. Melo, 112 S.Ct. 358, 363 (1991). In Kentucky v. Graham, 473 U.S. 159 (1985), the Supreme Court stated that while local governmental units could be sued in their own name for damages or equitable relief, a State may not be sued directly in its own name regardless of the relief. Kentucky v. Graham, 473 U.S. at 167 n.14; Amendment XI, *United States Constitution*. In this case, House's claims against the medical department at the Polunsky Unit are in effect against the State of Texas in its own name, and so these claims are barred by the doctrine of sovereign immunity. *See* Alabama v. Pugh, 438 U.S. 781 (1978)

1

(*per curiam*); Delahoussaye v. City of New Iberia, 937 F.2d 144, 146 (5th Cir. 1991). It is accordingly

ORDERED that the Plaintiff's claims against the "Polunsky Unit Medical Department" are hereby DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. Such dismissal is without prejudice to House's right to amend his complaint to add an individual or individuals from the medical department as defendants in this lawsuit; however, he is reminded that should he wish to add additional defendants in the case, he must do so within a reasonable time. It is further

ORDERED that the dismissal of the Polunsky Unit Medical Department as a Defendant in this case shall have no effect upon the Plaintiff's claims against the remaining Defendants in this case. Finally, it is

ORDERED that the dismissal of House's claim against the Polunsky Unit shall not count as a strike for purposes of 28 U.S.C. §1915(g) unless specifically counted as such by a later order of the Court.

So **ORDERED** and **SIGNED** this **4** day of **January, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE